proving the master's report and declaring petitioner entitled to a lien. To reverse the decree, the defendant Henriksen appeals.

Appellant urged as ground for reversal that there was no evidence in the record to show that the articles furnished were in any wise attached to the buildings or in any wise became fixtures either by actual attachment or by adoption and use.

AARON R. EPPSTEIN, for appellant.

ROBERT W. DUNN, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. MECHANICS' LIENS, § 196*—*when decree not sustained by the evidence.* In a suit to enforce a mechanic's lien against buildings for disappearing beds, bookcases, etc., *held* that a decree awarding a lien could not be sustained for the reason that there was no evidence in the record to show that articles furnished were so attached to the buildings or the improvement as to become a part of the real estate.

2. MECHANICS' LIENS, § 23*—*when articles furnished belong to classification under section 1 of Mechanics' Lien Act.* Articles furnished such as folding beds and combination bookcases and writing desks, *held* not classed as "materials" within the meaning of section 7 of Mechanic's Lien Act, J. & A. ¶ 7139, but rather to come within the provisions of section 1 of such Act, J. & A. ¶ 7145, which, under certain conditions, provides a lien for fixtures, machinery, apparatus, etc.

---

### John F. Devine, Administrator, Defendant in Error, v. Andrew Bickel, Plaintiff in Error.

#### Gen. No. 19,292.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

### Statement of the Case.

Action by John F. Devine, administrator of the estate of Martin Podpecan, deceased, against Andrew Bickel in the Municipal Court of Chicago to recover three hundred dollars, with interest, loaned by the deceased to defendant. It was alleged in the statement of claim that the defendant gave the deceased, at the time of the loan, a promissory note to evidence the loan; that the note had been lost; that it was never indorsed or transferred by the deceased, and that there was due on the same $333; and the plaintiff offered a bond to the defendant in double the amount due, to hold him harmless from further payment of the said note, as by statute in such case made and provided. The defendant, in his affidavit of merits, admitted the making of the said note, and that the same had never been paid, and he offered to pay the same upon production, cancellation and surrender thereof.

The case was tried by the court without a jury. The plaintiff made proof tending to establish the loss of the note and then tendered to the defendant in open court an indemnity bond as provided for by section 14, ch. 98, Hurd's R. S., J. & A. ¶ 7637, in the sum of $666, with sureties to be approved by the court, but the defendant refused to accept the bond. The court found the issues for the plaintiff and entered judgment on the finding. To reverse the judgment, defendant prosecutes a writ of error.

The defendant contended that the note in question was adapted to circulation by an indorsement thereon, and for that reason absolute proof that the note was actually lost or destroyed was necessary to entitle the plaintiff to a judgment; that the evidence in the case does not show absolutely that the note was lost or destroyed, nor that the deceased owned the note at the time of his death. The defendant further contended that the proof did not show that the deceased had not indorsed the note.

CASWELL & HEALY, for plaintiff in error.

JOHN M. BRYANT, for defendant in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. LOST INSTRUMENTS, § 14a*—*sufficiency of proof to establish loss or destruction of note.* Since the enactment of section 14, ch. 98, Hurd's R. S., J. & A. ¶ 7637, empowering the court to protect the maker of a lost note by requiring the plaintiff to execute an indemnity bond, the plaintiff is not required to prove absolutely the loss or destruction of the note in cases where it is not shown that it was not adapted to circulation by an indorsement thereon, and proof which reasonably shows its loss is sufficient.

2. LOST INSTRUMENTS, § 9*—*effect of refusal of tender of indemnity bond.* Where in an action on a lost note there was proof sufficient to reasonably show that the note was lost, and defendant, though admitting the indebtedness, refused a tender of an indemnity bond as provided by section 14, ch. 98, Hurd's R. S., J. & A. ¶ 7637, the court on entering judgment against him is not required to order the plaintiff to execute such bond, and defendant cannot thereafter complain that he may suffer loss through the note.

---

## City of Chicago, Defendant in Error. v. Paul Tomanicka, Plaintiff in Error.

### Gen. No. 19,426. ·(Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

## Statement of the Case.

Complaint filed in the Municipal Court of Chicago by the City of Chicago charging Paul Tomanicka with a violation of section 2012 of the Municipal Code, commonly known as the "disorderly conduct section." Defendant waived a trial by jury, and the court found the defendant guilty and assessed a fine in the sum of one

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.